(121 App. Div. 66)

### WALLACE v. TOWN OF NEW ALBION.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

1. HIGHWAYS—DEFECTS—PROXIMATE CAUSE.
Where a timber was removed from an embankment, and not replaced, it was not the fact of such removal, but that there was no guard there at the time a wagon was backed over the embankment, that was the proximate cause.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 494.]

2. APPEAL—REVIEW—ESTOPPEL TO ALLEGE ERROR—ADMISSION OF EVIDENCE.
In an action for injuries sustained in being backed over an embankment which constituted an approach to a bridge, though it was alleged that defendant's highway commissioner was negligent, in that the embankment was left unguarded, yet it was made an issue on the trial whether a timber which had been placed on the embankment six years before, and which had been removed six months prior to the accident, was placed there and used for a barrier to prevent running off the embankment, or as a sidewalk. On this issue plaintiff was permitted to show that the former commissioner, who had placed the timber there, said at that time "that he wanted a stick of timber brought and put there to keep people from running off the bank." *Held*, that though the proximate cause was not the removal of the timber, but the unguarded condition at the time of the accident, and the evidence was therefore technically erroneous, yet, it having been given on an issue raised by the parties, its admission was not reversible error.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3612.]

3. HIGHWAYS—DEFECTS—NEGLIGENCE.
The backing of a buggy over an embankment, which constituted an approach to a bridge and which was unguarded, was not, as a matter of law, such an accident as could not reasonably have been apprehended or expected to occur.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 486.]

McLennan, P. J., and Kruse, J., dissenting in part.

Appeal from Trial Term, Cattaraugus County.

Action by Martha A. Wallace against the town of New Albion. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See 94 N. Y. Supp. 793.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

J. M. Wilson and W. S. Thrasher, for appellant.
D. E. Powell and M. B. Jewell, for respondent.

WILLIAMS, J.   The judgment and order should be affirmed, with costs.

The action was brought to recover damages for negligence of defendant's highway commissioner, resulting in injury to the plaintiff. The negligence alleged consisted in leaving the approach to a bridge unguarded. The plaintiff started to drive across the bridge. Her horse, after going part way across, became frightened, stopped, refused to proceed further, and backed the wagon off the bridge and over the embankment constituting the approach to the bridge. There was clearly evidence sufficient to authorize the finding by the jury that the highway commissioner was guilty of negligence which caused the accident and injuries to the plaintiff, and the further finding that the plaintiff was free from contributory negligence. We cannot say that the verdict was contrary to the evidence, nor that it was for too large an amount of damages. It is claimed, however, that errors were committed, in the reception of evidence and in the charge, requiring the verdict to be set aside and a new trial granted.

The real ground of negligence on the part of the commissioner to be considered and passed upon by the jury was the failure to have a guard or barrier along the side of the approach to the bridge, to prevent teams going off the embankment. It appeared that when the bridge was repaired or rebuilt, six years before the accident, a timber was placed there, and remained until about six months before the accident, when it was removed by the commissioner and used in another part of the town. There was disagreement as to the reason for placing this timber upon the approach to the bridge originally, and what use was made of it while it remained there—whether it was designed and used as a guard or barrier or as a sidewalk. Considerable evidence was given upon this subject on both sides, and among other things a witness was permitted to state what the former commissioner, who placed the timber there, said about it at that time, viz., "that he wanted a stick of timber brought and put there to keep people from running off the bank." While the trial justice did state in his charge the ground of negligence as leaving the approach to the bridge unguarded at the time the accident occurred, still he at times wandered away from this ground, and talked about the negligence in removing the timber six months before the accident, and, getting further away from the real ground of negligence, he charged the jury that if the purpose of putting the timber upon the approach to the bridge six years before the accident, and the use made of it while it lay there, was as a sidewalk, and not a barrier to prevent people from driving off the embankment, then plaintiff could not recover, it would end the lawsuit, and their verdict should be for the defendant. No exception was taken to these matters contained in the charge by either side.

It is hardly necessary to discuss the errors thus committed. The only proximate cause of the accident, if any, was the dangerous condition of the approach at the time the accident occurred, by reason of

its being allowed to be unguarded, and whether it was at that time so dangerous as to charge the town with liability by reason of the negligence of the commissioner was the question of fact for the jury. Even if the removal of the timber six months before the accident was a negligent act, still that was not the proximate, cause of the accident. It was not the fact of such removal, but that there was no guard there when the accident occurred, that was the proximate cause. It was not necessary the timber should remain there. Any other guard might have been placed there before the accident, as the photographs show one was so placed after the accident occurred. The attention of the jury should have been kept to the real ground of negligence, which could be found to be the proximate cause of the accident, and counsel should have been confined, in giving their evidence, to the same ground. But all hands appear to have agreed and assented to the manner in which the case was tried and submitted to the jury, except that the evidence of what the old commissioner said when he placed the timber upon the approach, six years before the accident, was objected to by the defendant, and an exception was taken. And defendant also excepted to the refusal by the trial justice to charge that the taking away of the timber six months before the accident was not the proximate cause of the injury, and the leaving of that question to the jury as one of fact.

As to this request and refusal, the counsel for appellant suggests it was error only because the proximate cause was the backing of the wagon over the slope, from a cause for which the defendant was not liable. If this was the only error, then the charge was unobjectionable. As to the evidence objected to, while it was technically erroneous, it was given as to an issue that counsel seemed to have agreed to make and litigate—whether the timber was placed and used for a barrier or a sidewalk. The defendant claimed it was a sidewalk merely, put there for that, and used for that. It may be said to have been proper to show the timber was put there, and that the remark of the commissioner who put it there, at the time he did the act, may be regarded as a part of the res gestæ of the placing of the timber.

We do not agree with the defendant that this accident was, as matter of law, one that could not reasonably have been apprehended or expected to occur. At most, this question was one of fact for the jury, and was left for the jury to decide.

This is the second trial of this case. It seems to be a proper case for the recovery of a verdict, and we hardly think the verdict last obtained should be set aside for merely technical errors, that very likely resulted in no injury to the defendant.

Judgment and order affirmed, with costs.

ROBSON, J., concurs. SPRING, J., concurs in result. McLENNAN, P. J., and KRUSE, J., dissent.