THOMPSON v. TOWN OF BATH.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

1. BRIDGES (§ 41*)—SAFETY OF FLOOR.
   A bridge floor was unsafe where the planks were warped and laid loosely on the stringers with a tendency to slip on account of the bridge not being level, and where there was no railing.
   [Ed. Note.—For other cases, see Bridges, Cent. Dig. §§ 81, 87; Dec. Dig. § 41.*]

2. BRIDGES (§ 46*)—INJURY TO PEDESTRIAN—PROXIMATE CAUSE.
   Evidence held to show that the defective condition of a bridge floor, and not the cow which plaintiff was leading, was the proximate cause of his injury, caused by the cow stepping on the end of a plank and tilting it.
   [Ed. Note.—For other cases, see Bridges, Dec. Dig. § 46.*]

3. NEGLIGENCE (§ 56*)—PROXIMATE CAUSE—TEST.
   The test on determining whether a defective condition was an efficient concurring cause of injury for which one is liable is whether the accident would have otherwise happened.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*]

4. BRIDGES (§ 46*)—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—WEIGHT.
   Evidence held to show that a pedestrian injured on a bridge by a cow, led by him, stepping on the end of a loose plank, was not at fault in trying to take the cow across the bridge.
   [Ed. Note.—For other cases, see Bridges, Cent. Dig. § 119; Dec. Dig. § 46.*]

5. BRIDGES (§ 46*)—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
   In an action for injury to a pedestrian on a bridge caused by a cow, led by him, stepping on one end of a loose plank, it was proper to exclude evidence for defendant as to how the cow conducted herself after the accident.
   [Ed. Note.—For other cases, see Bridges, Cent. Dig. § 116; Dec. Dig. § 46.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. BRIDGES (§ 46*)—INJURY TO PEDESTRIAN—NEGLIGENCE—EVIDENCE.
    In an action for injury to a pedestrian caused by loose planks in a bridge, it was proper to show that on many such bridges such planks are fastened.
    [Ed. Note.—For other cases, see Bridges, Cent. Dig. § 116; Dec. Dig. § 46.*]
    McLennan, P. J., and Williams, J., dissenting.

Appeal from Special Term, Steuben County.

Action by William S. Thompson against the Town of Bath. From a judgment for plaintiff and from an order refusing a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William H. Nichols and John F. Little, for appellant.
Warren J. Cheney, for respondent.

KRUSE, J. The action is to recover damages for personal injuries resulting from a highway bridge of faulty construction, as the plaintiff contends and as the jury found.

The plaintiff was hurt in this way: He was leading a blindfolded cow along the highway. When about the middle of the bridge in question, the cow attempted to turn around and go back or get off the bridge at the side. The plaintiff was at her left side, holding in one hand the rope by which he was leading or driving her, and, in the other a switch with which he was urging her to go forward. She turned to the right (the upstream side of the bridge) at a point beyond the outside stringer. The plank projected about three feet beyond the stringer, and the end of the plank upon which she stepped went down, the other end up, the cow fell into the creek, and the man fell into the hole made by the displacement of that and another plank. He saved himself from going into the creek, but his arm was dislocated, the bone fractured at or near the elbow, and otherwise injured. It is not clear, and perhaps not very important, whether he was hurt by the plank which flew up or by the fall. That he was seriously injured is beyond dispute, and the amount of the verdict is not questioned.

The bridge was made of mill run plank, 3 inches thick, 5½ to 12 inches wide, from 16 to 18 feet long, laid across 5 stringers, either end of the stringers resting upon log abutments. The distance between the outside of the upstream stringer and the outside of the downstream stringer was about 10½ feet, but the planks were laid somewhat diagonally, so that the distance from the outside bearing surface of the plank at one side of the bridge to the outside bearing surface at the other was about 11½ feet; the plank projecting on each side beyond the outside of the stringer. The bridge was not level, the upstream side being slightly lower than the downstream side, and, the planks being laid loosely upon the stringers and warped, their tendency was to slip toward the lower side. Nothing was placed upon the ends to hold them down. They were not nailed or secured in any way. Neither were there any barriers on the side of the bridge. The span of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the bridge was about 20 feet, and it was about 3 to 5 feet above the creek.

One of the witnesses the same day of the accident (August 21, 1907), before it occurred, drove through the creek, and noticed that some of the planks had worked upstream. Others had noticed the same condition before the accident, and had replaced the plank. One of the witnesses says that the latter part of July or first of August one of the planks had moved so that one of the stringers was exposed, and he replaced the plank. But it is unnecessary to enter into a more minute or detailed description of the bridge. I think the evidence shows that it was not a proper bridge. A jury of the county in which it is located by their verdict have condemned it, and I do not understand that counsel for appellant urges that that finding is not warranted by the evidence.

It is contended, however, that the cow, and not the condition of the bridge, was the proximate cause of the accident. I think the evidence justifies the conclusion that but for the faulty condition of the bridge, and particularly the loose plank projecting beyond the outside stringer, the casualty would not have happened, and that is the test in determining the question as to whether that was an efficient concurring cause for which the defendant is liable. Sweet v. Perkins, 196 N. Y. 483, 485, 90 N. E. 50. In Wallace v. Town of New Albion, 121 App. Div. 66, 105 N. Y. Supp. 524, affirmed 192 N. Y. 544, 84 N. E. 1122, the town was held liable where a horse became frightened, backed off the bridge and over an unguarded embankment at the approach to the bridge. So in Ivory v. Town of Deerpark, 116 N. Y. 476, 22 N. E. 1080, where the casualty was the result of an unmanageable team and a defective highway, it was said:

"While, in case the horses were beyond the control of the plaintiff, such fact may have been a proximate cause of the injury, it did not, provided the plaintiff was free from fault, relieve the defendant from liability if the danger and the injury of the plaintiff as the consequence resulted from the negligence of the highway commissioner. In that case there would be two proximate causes of the accident, and the responsibility would rest with the defendant if one of such causes was attributable to the fault of the commissioners. Ring v. City of Cohoes, 77 N. Y. 83 [33 Am. Rep. 574]."

Wood v. Town of Gilboa, 76 Hun, 175, 27 N. Y. Supp. 586, affirmed 146 N. Y. 383, 42 N. E. 544, is a similar case, and the same doctrine is applied. I think the question of proximate cause was one of fact, and was properly decided by the jury.

It is also contended on defendant's behalf that the plaintiff himself was at fault in attempting to lead or drive the cow across the bridge. She was blindfolded, and it is said that she was unruly. She was accustomed to being blindfolded. That had been done to prevent her jumping fences. It is possible that the man should have taken off the blindfold or not have attempted to get her over the bridge at all, but the jury has found that he was not lacking in care and prudence in that regard, and I think the evidence sustains that finding.

Certain exceptions to rulings upon questions of evidence taken by the defendant are urged as grounds of reversal by defendant's counsel. One is to excluding evidence as to the way the cow lead and con-

ducted herself after the accident, and the other is to receiving evidence offered by the plaintiff showing that upon many bridges of this kind, spikes, or weights or something is used along the edge to hold the plank down. I think the exceptions are not well taken, and, in any event, they do not furnish grounds for granting a new trial.

The judgment and order should be affirmed, with costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent in an opinion by McLENNAN, P. J.

McLENNAN, P. J. (dissenting). So far as is disclosed by the evidence, the bridge in question was absolutely safe for ordinary travel. For a space of 10 or 12 feet in the center of the bridge, the planks were in order, and it was in a perfectly safe condition for the use of the traveling public. It does not seem to me that the defendant or its agents, in the exercise of ordinary care and prudence were required to guard against the possibility that a cow led by a person would step upon the end of a plank outside of the ordinary traveled highway across such bridge and cause the accident which in this case occurred. Concededly the bridge was safe for the use of the ordinary travel across the same. My notion is that the defendant was not guilty of negligence because it failed to make such bridge safe for the passage of unruly or blindfolded cows. An affirmance of this judgment involves the proposition that a town is liable because of any defect existing in a bridge for its entire width, notwithstanding that the usually traveled way of ample width is in perfect order and condition. I venture to suggest that there is hardly a bridge in the country districts of this state where at either end the planking is not more or less uneven, and where all the planks do not come out in such manner as to be supported by the stringers.

Where a town provides a driveway across such bridge of sufficient width to accommodate the public in its ordinary use of such bridge, it (such town) discharges its full duty, and it is not required to construct and maintain a bridge with a tight floor extending across its entire width and so as to prevent from accident an unruly horse or cow in case it suddenly goes outside of the usually traveled way across such bridge.

I think that the respondent failed to establish actionable negligence against the defendant, and therefore I vote for a reversal of the judgment.

WILLIAMS, J., concurs.