(71 Misc. Rep. 186.)

## STEDMAN v. TOWN OF OSCEOLA.

(Supreme Court, Trial Term, Lewis County.    December 5, 1910.)

1. HIGHWAYS (§ 213*) — DEFECTIVE HIGHWAYS — PERSONAL INJURY — JURY QUESTION.

In an action against a town for injuries through a defective highway, whether defendant, after repairing the highway, was reasonably expeditious in removing stone piles and a ridge of sods, *held* for the jury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 535–536; Dec. Dig. § 213.*]

2. NEGLIGENCE (§ 61*)—PROXIMATE CAUSE.

There may be two proximate causes of an accident, each of which can be said to have been an efficient one, without which the injury would not have been sustained.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. § 61.*]

3. HIGHWAYS (§ 196*) — DEFECTIVE HIGHWAYS — PERSONAL INJURIES — EFFICIENT PROXIMATE CAUSE.

Where, while leading a horse along a highway in defendant town, plaintiff was injured through the horse becoming frightened from some

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause and dragging plaintiff against a pile of stones left by the town in repairing the highway, the pile of stones was an efficient proximate cause of the accident.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 494–497; Dec. Dig. § 196.*]

Action by Mary R. Stedman against the Town of Osceola. Motion to set aside verdict for plaintiff. Motion denied.

D. Francis Searle, for plaintiff.
Miller & Fincke, for defendant.

MERRELL, J.   This is a motion to set aside the verdict of a jury rendered upon the trial of the above-entitled action in favor of said plaintiff and against the defendant for $1,500, upon the ground that said verdict was contrary to law and against the weight of evidence.

The action was to recover damages alleged to have been suffered by plaintiff resulting from injuries claimed to have been sustained by her upon a defective highway in said town of Osceola.

The town of Osceola contains about 600 inhabitants, and maintains about 44 miles of highways. The greater portion of the town is composed of wild and uncultivated lands. The alleged defective highway was in a sparsely settled part of the town; the abode of the plaintiff being the only nearby house on the road, which within about a mile loses itself in the forest. The evidence shows that the highway in question at the place of the accident was little used; travel thereon being principally confined to plaintiff's family and persons visiting their home and an occasional party of sportsmen.

The plaintiff claims she was injured on the 24th day of June, 1909. The evidence discloses that for several days the highway at and in the vicinity of plaintiff's mishap had been undergoing repairs under the direction of Patrick Smith, superintendent of highways of the town. In the course of the work a road scraper was used, and the part of the highway designed for a traveled roadway "crowned up," by successive trips of this road scraper. In this manner ditches were formed about 11 feet apart, the road crowning gradually from the ditch on either side to the apex of the crown in the center midway between the ditches being about 18 inches higher than the ditch or bottom of the crown. This mode of crowning the road brought the loose stones and sods, the latter being described by some witnesses as a foot wide and four feet long, into the center or apex. Thereafter a harrow was run over the crowned roadway and the loose stones raked out and into piles at or near the point where the wheel tracks would naturally come. Evidence was given showing that these stones were plentiful, ranging from the size of one's fist up to eight inches in diameter, and the collected piles on each side of the road about a foot high and about four or five feet apart.

These collected stone piles, it would seem from the evidence, had been suffered to remain as gathered together in the road for over a week. When the highway was in the condition above described, the plaintiff testifies, on the occasion of her accident she was leading a

horse some 25 or more years old from her barn along this alleged defective highway to a nearby pasture lot. She testifies that she preceded the horse along the left side of the road leading it by a 5-foot halter held in and wound once about her right hand, which in the act of leading the horse was held somewhat behind her; her face being directed along the road before her. At the place of her alleged mishap, she met a horse drawing an open carriage in which by a singular coincidence were riding the supervisor of the town and Smith, its superintendent of highways. The plaintiff testifies that she had no difficulty in passing the conveyance; it being driven to the extreme left of the crowned road so that the wheels were in the ditch. But, after she had passed, she testifies that her horse in some manner was urged or frightened forward and passed her at a rapid gait; that in some manner her foot caught upon one of the stone piles which had been left in the roadway, and she was thrown upon the ground and was dragged over the stones until the halter was finally snatched from her grasp; and that she suffered painful injuries.

The plaintiff attributes her injuries to the negligence of the town in three particulars, viz.:

First. In failing to maintain a sufficiently wide traveled roadway.

Second. In allowing the sods and apex in the middle of the road.

Third. In permitting the stone piles to remain in the traveled road.

The question of the defendant's negligence in failing to maintain a road at the point in question of reasonable width and in a reasonably safe and proper condition for public travel was submitted to the jury, and it must be taken from their verdict in favor of the plaintiff that they found that the town was negligent in that respect. However, it seems to me that, were the only criticism of the road in question its width, I would be compelled to hold that, in view of the little travel upon the highway and the sparsely settled condition of the adjacent country, the road was a reasonably proper one and for the public a reasonably safe and suitable road for travel. But, in respect to the accumulation of sods in the middle of the traveled roadway and the gathered stone piles above mentioned, it seems to me that the verdict of the jury finding that the road was not in a reasonably safe or proper condition should not be disturbed. It seems to me that the question as to whether the town, which undoubtedly had a right and whose duty it was to repair the highway in question, and in so doing was compelled to make stone piles and the ridge of sods, was reasonably expeditious in removing these obstructions, was properly left to the jury, and I am not disposed to disturb the finding of the jury in that respect. I think the question is fairly one of fact, and that the jury have found for the plaintiff.

A more serious question raised by defendant is that the defective condition of the highway was not a proximate cause of plaintiff's accident, but rather that the conduct of the supervisor and town superintendent in frightening plaintiff's horse and the horse dragging plaintiff are the proximate causes of her injury. It seems to me that this case is that of concurring proximate causes for one of which, to wit, the defective highway, the town defendant is liable. It is probably true that the stone pile left by defendant's superintendent

of highways in repairing the road was not the sole cause of plaintiff's accident. The accelerated speed of the horse "Fly," possibly caused by some act or carelessness of Vandawalker or Smith, for which the town would not be liable, and the stone pile left in the road, may both be said to be causes contributing to the occurrence, and both of which were in their nature proximate. That there may be two proximate causes of an accident, if each can be said to have been an efficient one without which the injury would not have been sustained, is a well-settled principle of law in this state. In case of two concurring causes, each of which is proximate, the test is: Could the accident have happened without their co-operation? Here we have two concurring proximate causes, each of them an efficient cause, viz: The frightened horse, for which the town cannot in any event be said to be liable; and, second, the obstructing stone piles left by the road repairers, for which the town may be liable. Plaintiff herself testifies, and the jury was at liberty to believe her testimony, that all went well after the old horse started to run, until her toe caught in the stone pile. It seems to me that within the decisions the stone pile must be said to be an efficient proximate cause of the accident concurring with the frightened horse, and without which the accident would not have occurred. Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574; Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50; Ivory v. Town of Deerpark, 116 N. Y. 476, 22 N. E. 1080.

A very recent case bearing a striking similarity to the case at bar is that of Thompson v. Town of Bath, reported in 126 N. Y. Supp. 1074. While that case was that of a defective bridge over which a blindfolded cow was being led, yet upon the question of proximate cause it seems to me to be an authority directly in point.

I therefore must find that the condition of the highway, which the jury found was defective, was an efficient proximate cause of plaintiff's injury, and that she was entitled to go to the jury upon the question of defendant's negligence.