(159 App. Div. 53.)

## HALL v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1913.)

1. NEGLIGENCE (§ 134*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

    Evidence, in an action for injuries to a child nine years of age by setting on fire denatured alcohol left by defendant's employés on a public road after using it for soldering, *held* to sustain a finding that the employés were negligent in so leaving the alcohol.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

2. NEGLIGENCE (§ 61*)—PROXIMATE CAUSE—SEVERAL CAUSES.

    Where several proximate causes contributed to an accident, each is an efficient cause if the accident would not have happened without it.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 74, 75; Dec. Dig. § 61.*]

3. NEGLIGENCE (§ 136*)—PROXIMATE CAUSE—JURY QUESTION.

    In an action for injuries to a child by being burned on lighting denatured alcohol found in a bottle left on the public highway by defendant's servants, whether their negligence in leaving the bottle where the children found it was the proximate cause of the injuries *held* a jury question.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

4. NEGLIGENCE (§ 59*)—PROXIMATE CAUSE.

    To make an act the proximate cause of an injury it is not necessary that the particular consequences or the precise injuries should be anticipated or foreseen.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 72; Dec. Dig. § 59.*]

5. NEGLIGENCE (§ 136*)—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

    In an action for injuries to a child nine years of age by being burned, upon lighting with a match a bottle of denatured alcohol found in the

public highway where defendant's employés had left it, whether the boy was guilty of contributory negligence *held* a question for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

6. NEGLIGENCE (§ 96*)—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE OF PARENTS.
   It cannot be said that parents whose nine year old child was burned by lighting a bottle of denatured alcohol found in a public road were guilty of contributory negligence in leaving matches within reach of the child.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 157–161; Dec. Dig. § 96.*]

7. TRIAL (§ 260*)—REQUESTS—MATTERS COVERED—INSTRUCTIONS—"PROXIMATE CAUSE."
   In an action for injuries to a child nine years of age by being burned upon lighting a bottle of denatured alcohol found in the public road, the court stated, after defendant's counsel requested a definition of "proximate cause," that "proximate cause means that the leaving of that bottle of alcohol there, knowing that it was a dangerous and inflammable substance, where children were likely to get it, and, through their curiosity, do things with it which might injure them—that might be found to be the proximate cause in this case of the injury." *Held*, that the court's statement was proper under the facts, and sufficient, and there was no error in refusing a requested instruction that, if other agencies and acts intervened between the alleged negligent leaving of the bottle in the highway and the accident, the leaving of it there would not be the proximate cause of the accident; since a jury might have understood therefrom that whatever occurred between the time the bottle was left in the road and the accident, including the firing of the alcohol, were intervening agencies.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

Foote, J., dissenting.

Appeal from Trial Term, Orleans County.

Action by Harlow I. Hall, an infant, by George Hall, his guardian ad litem, against the New York Telephone Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Clarence P. Moser, of Rochester, for appellant.
Thomas A. Kirby, of Albion, for respondent.

KRUSE, P. J. The action is for negligence. Two little boys, the plaintiff, aged nine, and his brother, aged seven, found a bottle of denatured alcohol lying on a culvert at the side of the road and within the bounds of the highway. The bottle had been left there by the defendant's workmen. The boys took it home, some of the alcohol was poured on the ground, fired, and plaintiff was burned; and for the injury so sustained a verdict has been rendered against the defendant. The defendant appeals.

The bottle of denatured alcohol had been taken to the place where the men were at work for use by them in soldering. It was known by

them to be inflammable, making an intense heat. When the men had finished their work, they went away. After they had gone some distance they missed the alcohol, but did not go back to get it. The next day, as the boys were driving a cow along the road, the younger boy discovered the bottle and took it home. After putting the cow in the barn, matches were obtained and some of the liquid poured upon the ground. The older boy lighted a match, but it went out. The younger boy then lighted another match and set fire to the liquid, near a swing in which the older boy was sitting. It burned, or "blazed up" as the boys say, and the heat was so intense that the right leg and side of the older boy was burned.

The older boy, the plaintiff, testified that he did not know what was in the bottle or that it would burn. The younger boy also testified that he did not know what was in the bottle, but admitted that he knew it would burn; that he had seen the men pour the liquid out of the bottle and set it on fire. However, it is probably true, at least such is the inference, that neither boy was aware of the intensity of the heat, or realized the danger of setting it on fire.

[1] The learned counsel for the defendant contends that the men were not negligent in leaving the alcohol as they did. I think the jury was well warranted in finding to the contrary. That this denatured alcohol was a dangerous substance is beyond dispute. It was not only highly inflammable, but a dangerous poison. Leaving such a substance in the public highway, within easy reach of children, can hardly be held as a matter of law to be a careful and prudent act.

[2] But it is further urged that the negligent act complained of was not a proximate cause of the plaintiff's injury. It is, of course, true, as counsel contends, that without the lighted match the accident would not have happened. Neither would it have happened if the defendant's workmen had not left the dangerous substance by the roadside. The rule is well settled that, where several proximate causes contribute to an accident, each is an efficient cause, if without it the accident would not have happened. Sheridan v. Brooklyn City R. R. Co., 36 N. Y. 39, 93 Am. Dec. 490; Phillips v. N. Y. C. & H. R. R. Co., 127 N. Y. 657, 27 N. E. 978; Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50; Thompson v. Town of Bath, 142 App. Div. 331, 126 N. Y. Supp. 1074, affirmed 205 N. Y. 573, 98 N. E. 1117. If, in the exercise of reasonable caution, it could be foreseen that the children might obtain this dangerous substance, set fire to it, and burn themselves, then there was such a relation between the negligent act and the accident as to make it a proximate cause of the accident.

[3] I think the circumstances were such that the jury was warranted in finding that an accident such as this might reasonably be apprehended from the leaving of this inflammable substance in the highway, where children went and had a right to be and would be likely to find it.

[4] It is not necessary that the particular consequences or the precise injuries should be anticipated or foreseen, to make the defendant liable. Lilly v. N. Y. C. & H. R. R. R. Co., 107 N. Y. 566, 14 N. E.

503; Mills v. Bunke, 59 App. Div. 39, 44, 69 N. Y. Supp. 96; 21 Am. & Eng. Ency. (2d Ed.) 487.

It is unnecessary to collate the decisions upon the question of defendant's liability. I call attention to but one. Travell v. Bannerman, 71 App. Div. 439, 75 N. Y. Supp. 866; Id., 174 N. Y. 47, 66 N. E. 583. There, refuse material had been dumped upon an uninclosed lot, adjoining a gun and ammunition factory, where boys were in the habit of playing. The boys found a cake which looked like asphalt, but was gunpowder and old cannon primers. They carried it away, and an explosion occurred while they were extracting pieces of brass from the cake. It was held in both courts that actionable negligence was established. While the case was reversed in the Court of Appeals, it was upon the sole ground that the evidence failed to show that the defendant or its servants placed the material in the vacant lot.

[5, 6] As regards the question of contributory negligence, I think it was clearly a question of fact, in view of the immature age of the plaintiff. The suggestion that his parents were guilty of contributory negligence in leaving matches within reach of the children is, I think, without merit.

[7] There is one remaining question, relating to the charge. The defendant's counsel asked that the jury be instructed that, even though the jury should determine that the defendant was negligent in leaving the bottle of alcohol in the road, it would not be liable to the plaintiff unless that act was the proximate cause of the accident and injury. That instruction was given. Thereupon the counsel asked to have explained the meaning of "proximate cause." The judge did not give an abstract definition, but stated:

" 'Proximate cause' means that the leaving of that bottle of alcohol there, in the way in which it was left there, knowing that it was a dangerous and inflammable substance—where children were likely to get it and play with it, and through their curiosity to do things with it which might result in injury to them—that might be found to be the proximate cause in this case of the injury and damage."

I think what was said was directly applicable to the case. Counsel thereupon requested that the jury be instructed that, if there were other agencies and other acts which intervened between the alleged negligence of leaving the bottle there and the accident, then the leaving of the bottle there would not be the proximate cause of the accident. That statement, as related to the facts, I think was incorrect. The jury might well understand from that request that whatever occurred between the time that the bottle was left by the roadside and the accident, including the firing of the alcohol, were intervening agencies. As I have already pointed out, there may be several proximate causes which concur in producing an accident, and the person responsible for any one of them may be held liable for the consequences, if without it the accident would not have happened. I think the negligent act was not so remote in a legal sense that it can be said as a matter of law that the negligent act was not a proximate cause of the accident.

The judgment and order should therefore be affirmed, with costs.

FOOTE, J., dissents.