### VON WANGENHEIM v. NEW YORK STOCKYARDS CO.

(Supreme Court, Trial Term, New York County. May, 1915.)

NEGLIGENCE ☞62—PROXIMATE CAUSE—INTERVENING ACT.

Where plaintiff was injured by a shot fired by a city policeman at a steer, which had been negligently permitted to escape from defendant's stockyards into the city streets, defendant was not liable, on the theory that the injury proximately resulted from its negligence in permitting a dangerous animal to escape from its control, since the act of the policeman was an independent intervening act, which was the proximate cause of the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76–79; Dec. Dig. ☞62.]

Action by Waldemar Von Wangenheim against the New York Stockyards Company. On motion by defendant for a judgment on the pleadings. Motion granted.

Harry A. Gordon, of New York City, for plaintiff.

Marsh & Wever, of New York City (Charles Capron Marsh and Edgar Armstrong Hamilton, both of New York City, of counsel), for defendant.

PHILBIN, J. The defendant moves for judgment on the pleadings and to dismiss the complaint. The facts alleged in the complaint, which for the purpose of this motion must be deemed to be established, show that the defendant neglected to furnish a substantial, secure, and safe place within which to keep certain steers owned by it, or in its custody, and that by reason of such neglect the steers escaped, ran through the public highways, and became and were a nuisance and a danger to the life and limb of persons lawfully on said highways. It is further alleged that plaintiff, while lawfully on one of such highways, namely,

Fifth avenue, near Fifty-Sixth street, at the time the steers escaped, was injured by a bullet from a revolver of a member of the police force of the city of New York who, in pursuance of a duty owing by him to maintain the public peace and to protect citizens generally, discharged his revolver at one of said steers. It is claimed by the defendant that the negligence in permitting the escape was not the proximate cause of the plaintiff's injury, and that the act of the policeman was an independent intervening cause for which the defendant cannot be held resposible.

The law requires that injury must so directly result from an unlawful act that, according to common experience and the usual course of events, it might under the particular circumstances have reasonably been expected. Hall v. N. Y. Tel. Co., 214 N. Y. 49, 108 N. E. 182. It is difficult, if not impossible, briefly and succinctly to state the principle which controls the disposition of the cases involving facts similar to those here presented. I think, however, it may be stated that, where the defendant has been held liable in like cases, it is because he became responsible by reason of lack of care in dealing with a dangerous thing owned or controlled by him, by reason of which such thing either immediately caused the injury, or by its course or act induced another entity or agency involuntarily to do an act which caused the injury. In other words, in order to be the proximate cause, there must be a dangerous agency or thing owned or controlled by the defendant, or started in motion by some negligent act of the defendant, and directly resulting in the injury (Lowery v. Manhattan Ry., 99 N. Y. 158, 1 N. E. 608, 52 Am. Rep. 12), or so negligently placed that according to common experience it might, under the particular circumstances, have reasonably been expected to cause injury through the act of another (Travell v. Bannerman, 71 App. Div. 439, 75 N. Y. Supp. 866, reversed on other grounds in 174 N. Y. 47, 66 N. E. 583; Hall v. N. Y. Telephone Co., supra). In Lynch v. Murdin, 1 Q. B. 29, Lord Denman said:

"If I am guilty of neglect in leaving anything dangerous in a place where I know it will be extremely probable that some other person will unjustifiably set it in motion to the injury of a third, and if the injury should be so brought about, I presume that the sufferer might have redress by action against both or either of the two, but unquestionably against the first."

Circumstances may exist where a defect or danger resulting in injury was caused or permitted to exist by the negligence of the defendant, and where the danger was revealed or resulted in injury only through the act of another, in which event the defendant's negligence would be the proximate cause. Gerbino v. Greenhut-Siegel Cooper Co., 165 App. Div. 763, 152 N. Y. Supp. 502. The cases cited by the plaintiff, in which the defendant was held liable, come within the principles thus stated. Thompson v. Town of Bath, 142 App. Div. 331, 126 N. Y. Supp. 1074; affirmed in 205 N. Y. 573, 98 N. E. 1117; Phillips v. N. Y. C. & H. R. R. R., 127 N. Y. 657, 27 N. E. 978; Dixon v. Bell, 5 M. & S. 198; Travell v. Bannerman, supra. This case does not come within the rules so laid down. The act of the police officer was an independent intervening cause, and his act, and not that of the defendant, was the proximate cause of the injury.

Motion granted.