## GERALD K. WEISENBERG
*vs.*
## DOROTHY E. MILLER ET AL.

Superior Court ·     Hartford County     File No. 72565

MEMORANDUM FILED AUGUST 23, 1945.

*Warren Maxwell*, of Hartford, for the Plaintiff.

*Julius B. Schatz* and *Cyril Coleman*, of Hartford, for the Defendants.

QUINLAN, J. The plaintiff was burned by a flash ignition from the lighting by a match of cigarette lighting fluid by the son of the defendants. The fluid was in the automobile of the defendant father for over a year and discovered by the plaintiff and defendants' son while playing about the automobile in search of a soldier hat.

Of course, we must start with the proposition that parents are not liable for the torts of their children. Next, no claim of agency is made. Consequently, on the theory of foreseeability, it is charged and claimed that the conduct of the defendants was such that their personal fault was the proximate cause of the injury due to a failure to exercise proper parental control.

Most of the cases in the authorities have to do with the use of guns. Here it is claimed that the fluid was inherently dangerous. The defendant Dorothy Miller does not admit this in her answer, even though she says it was dangerous. While it may be true that the particular consequences or the precise injuries need not necessarily be anticipated or foreseen to create liability, it is requisite that some duty of the parent should be breached in order to charge them. Section 316 of the *Restatement on Torts* states the duty as follows: "A parent is under

a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

To support (b) plaintiff points to a series of incidents, involving matches, gun, chemistry sets, etc., of which the father was not aware and of which the mother, except for one minor happening with matches, knew nothing until after the accident. So it is difficult to say that the defendants knew of the necessity of exercising control. This is said with the conscientious knowledge that these are not days to coddle a child or lightly absolve a parent from the general oversight which seems to be overlooked so frequently.

For a moment, then, we may well look at the character of this fluid. The plaintiff in his brief says it is "ordinarily harmless" but urges that it must be looked upon as a child sees it and not as the useful medium of an adult. This suggestion gives opportunity to refer to the case of *Hall vs. New York Telephone Co.*, 214 N.Y. 49, appealed from the Appellate Division. The lower court (159 App. Div. 53) denominated alcohol resulting in burns through the application of matches by boys as "a dangerous substance....highly inflammable" and the case had resulted in a verdict for the plaintiff. The Court of Appeals, in reversing the Appellate Division's action affirming the jury's verdict, said (p. 52): "Alcohol left untouched by the boys was not of necessity dangerous. Neither was it such an apparatus or article as would induce or allure children to paly with it. In order to hold the defendant responsible for the result of this accident it must be found that the accident was the natural and probable consequences of the act of the servant in having left the alcohol upon the highway. The law requires that the injury must so directly result from a wrongful act that, according to common experience and the usual course of events, it might under the particular circumstances have reasonably been expected." The court concluded by saying that to hold the defendant liable would establish a rule of liability beyond that of any of the adjudged cases.

Now, that was not a case against a parent, it must be conceded, but the characterization of the ingredient and particularly the reference to what might be expected in "common experience and the usual course of events", destroys the theory of foreseeability sought to be applied here. Incidentally, it may be said that the composition of the Court of Appeals at that time carried very eminent judicial names.

Neither does the case seem to fall within the principles of *Wolfe vs. Rehbein,* 123 Conn. 110, or *Botticelli vs. Winters,* 125 id. 537; 128 id. 210.

In the mind of the court, the inevitable result must be that judgment should enter for the defendants with costs. In so concluding the court is not unmindful of the distressing injury sustained by the plaintiff, but it must be remembered that legal liability can only be fixed where a legal duty is violated, and despite the skill in which the plaintiff's case was presented at trial and by brief the court can find no such breach.