[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#130)
After hearing held on motion of defendants Joseph B. Curtis and Carolyn G. Curtis for summary judgment, it is hereby ORDERED:
Independently negligent conduct of parents may impose liability upon them for the torts of their minor children. Kaminski v. Fairfield, 216 Conn. 29, 34 (1990). The law has long recognized the duty of a parent to control his minor child in certain defined circumstances. Weisenberg v. Miller,13 Conn. Sup. 414, 415 (1945).
Whether the defendant Nicole Curtis was on the date in question a resident of her parents' home and under their control, or an emancipated minor and not a resident of the household, must be determined by a resolution of certain factual issues which are present. This is consistent with the principle that the question of emancipation is a factual one for determination by the trier. Wood v. Wood, 135 Conn. 280, 285 (1948); Gillespie v. Gillespie,8 Conn. App. 382, 387 (1986).
That the defendant Joseph B. Curtis conceded on deposition that his daughter was covered as a driver on his auto insurance policy, that she was an insured under his health policy, and that she was claimed as a dependent on his federal income tax return for the year during which the subject incident occurred suggest that emancipation was not effected and that parental control was still evident.
Before summary adjudication is appropriate it must be demonstrated that there is no genuine issue as to any material fact. Practice Book 384; Wilson v. New Haven, 213 Conn. 277, 279
(1989). The defendants have not done this, and their motion addressed to the first count of the revised complaint is denied.
GAFFNEY, J. CT Page 7352
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7353
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7354
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7355
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7356
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7357
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7358