HARLOW I. HALL, an Infant, by GEORGE HALL, His Guardian ad Litem, Respondent, v. NEW YORK TELE- PHONE COMPANY, Appellant.

**Negligence — injury must be result of wrongful act of defend- ant in order to hold defendant liable therefor — when act of defendant not proximate cause of injury.**

1. In order that a defendant may be held responsible for an injury, it must so directly result from a wrongful act that, accord- ing to common experience and the usual course of events, it might under the particular circumstances have reasonably been expected.

2. Defendant's servants, who were using denatured alcohol marked "poison" in repairing a telephone line along a highway, left a bot- tle of the fluid standing by the roadside. Two boys, the plaintiff nine and his brother seven years of age, took the bottle home and poured some of the alcohol on the grass. One of them set fire to it and the other was burned. *Held*, that defendant was not liable for the injury.

*Hall* v. *New York Telephone Co.*, 159 App. Div. 53, reversed.

(Argued January 13, 1915; decided February 2, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 28, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence B. Moser* for appellant. The defendant was not negligent. (*Beetz* v. *City of Brooklyn*, 10 App. Div. 382; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Berman* v. *Schultz*, 40 Misc. Rep. 212; *Vincent* v. *Crandall & Godley Co.*, 131 App. Div. 200.) Leaving the bottle of alcohol on the culvert was not the proximate cause of the accident. (*Herr* v. *City of Lebanon*, 149 Penn. St.

4

233; *Beetz* v. *City of Brooklyn,* 10 App. Div. 382; *Travell* v. *Bannerman,* 71 App. Div. 439; 174 N. Y. 47; *Berman* v. *Schultz,* 40 Misc. Rep. 212; *Vincent* v. *Crandall & Godley Co.,* 131 App. Div. 200; *Carter* v. *Towne,* 103 Mass. 507; *Laidlaw* v. *Sage,* 158 N. Y. 73; *Hoffman* v. *King,* 160 N. Y. 618.)

*Thomas A. Kirby* · for respondent. The leaving the bottle of denatured alcohol on the culvert was negligence upon the part of the defendant, and was the proximate cause of the injuries which the plaintiff sustained. (*Statler* v. *Ray Mfg. Co.,* 195 N. Y. 482; *Mullaney* v. *Spence,* 15 Abb. Pr. [N. S.] 323; *Nelson* v. *McClellan,* 60 L. R. A. 793; *Harriman* v. *P. C. & S. L. R. Co.,* 45 Ohio St. 11; *Wells* v. *Gallagher,* 3 L. R. A. [N. S.] 754; *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301; *Fitzgerald* v. *Rodgers,* 5 App. Div. 298; *Berman* v. *Schultz,* 40 Misc. Rep. 212; *Vincent* v. *Crandall & Godley Co.,* 131 App. Div. 200.)

Hogan, J. This action was brought by the plaintiff, an infant, by his guardian *ad litem,* to recover damages alleged to have been suffered by reason of the defendant's negligence. The infant at the time of the alleged injury was nine years of age and resided with his father in the town of Clarendon, Orleans county, New York. The defendant was engaged in operating a telephone exchange with telephone lines and equipment on the highways of the town of Clarendon, and on the 25th day of June, 1911, the employees of the defendant were engaged in making repairs to its lines on one of its poles on the east side of a public highway of the town, near to the premises occupied by the father of the infant, and in the course of making such repairs used denatured alcohol.

In the work of soldering some wires the employees of defendant used a kerosene blow torch, and the work of soldering was done in a ditch near the side of the road so

that the light of the torch would not blow out. Near the pole on which the work was being done was a small concrete culvert over the ditch at the side of the road. Upon this culvert the men placed a bottle containing the denatured alcohol, and after completing their work placed their tools on a wagon and started back to their office in the village of Holley, about one mile distant. They left the bottle of denatured alcohol used in the operation of the torch upon the culvert where they had been using the same. The younger brother of the plaintiff, who was seven years of age, saw the men soldering the wires and saw them pour the alcohol out of the bottle into their lamp and light it.

On Sunday afternoon the plaintiff and his younger brother while passing along the highway saw the bottle of alcohol, and the younger boy picked up the bottle and carried it home. The bottle was an ordinary pint bottle, marked with a label, which was printed in red ink, and contained the words "Denatured Alcohol" and the word "Poison" between skulls and cross-bones. When the boys reached home their father and mother were away; they placed the bottle on the porch, and the plaintiff was told by his younger brother that he was going into the house to get some matches and light the "stuff" that was in the bottle. He procured some matches, one of which he gave to the plaintiff, and poured some of the alcohol on the grass outside the house near a swing. The plaintiff lighted his match with the intention of igniting the alcohol, but the match went out. He then sat down in the swing while Alfred, the younger brother, lit one of his matches and touched it to the alcohol on the grass. The alcohol immediately blazed up, burning the plaintiff, and this action was brought to recover the damages alleged to have been sustained by him.

No evidence was offered in behalf of the defendant on the trial of this case, and we think upon the facts as presented by the record a clear case was presented for the

disposition of the question involved as one of law by the court.

The contention of the plaintiff appears to be that the act of the servants of the defendant in leaving the bottle of alcohol in the highway constituted negligence. It must be conceded, however, that the alcohol left untouched by the boys was not of necessity dangerous. Neither was it such an apparatus or article as would induce or allure children to play with it. In order to hold the defendant responsible for the result of this accident it must be found that the accident was the natural and probable consequences of the act of the servant in having left the alcohol upon the highway. The law requires that the injury must so directly result from a wrongful act that, according to common experience and the usual course of events, it might under the particular circumstances have reasonably been expected. (*Jex* v. *Straus*, 122 N. Y. 293.)

We do not agree that the facts in this case created a condition the result of which might under the circumstances have been reasonably expected, and the liability of the defendant in this case it seems to us has been settled in analogous cases adverse to the claim of plaintiff. (*Beetz* v. *City of Brooklyn*, 10 App. Div. 382; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298.)

To hold the defendant liable in damages upon the facts in this case would, we think, establish a rule of liability beyond that of any of the adjudged cases.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.