WILLIAM FITZPATRICK, AS FATHER OF HELEN FITZ-
PATRICK, AN INFANT v. ROSE DONAHUE
REALTY COMPANY.[1]

January 6, 1922.

No. 22,648.

**Owner not negligent in failing to remove slacked lime left by contractor.**
Negligence cannot be predicated on the failure of an apartment house
owner to remove a barrel of slacked lime which was left by a contractor,
covered with boards, in a yard on the premises where children are ac-
customed to play.

Action in the district court for Ramsey county to recover $12,000
for injuries to plaintiff's minor child. The case was tried before
Olin B. Lewis, J., who at the close of the testimony directed a verdict
in favor of defendant. From an order denying his motion for a
new trial, plaintiff appealed. Affirmed.

*McGrath & Morse*, for appellant.
*Hoke, Krause & Faegre* and *J. G. Stirn*, for respondent.

HALLAM, J.
Defendant owns an apartment house in St. Paul. Charles Narr,
the janitor in charge of the building, had an apartment in the base-
ment, with entrance from a back yard. His family consisted of a
wife and two children, a daughter, 11 years old and a son, 8 years
old. These children played in and about this rear yard and had a
children's play house there. Helen Fitzpatrick, 8 years old, lived
about a block away. With other children she played habitually
with the Narr children in their back yard with the knowledge of
Mr. Narr and of every one who paid much attention to the premises.
About July 15, 1920, defendant hired Patrick Leo, a contractor, to
do some brick work in the basement of the building. Leo hauled
some brick, sand and an ordinary barrel 2/3 or 3/4 full of slacked
lime and placed them near the building in the back yard in which

[1]Reported in 186 N. W. 141.

the children played. By reason of the progress of other work he was unable to commence work at once and he left the material there. The slacked lime was left covered with 4 or 5 inches of water and the barrel was left covered with boards. The barrel of lime and the other material remained there until July 26. In the meantime the water had soaked in and the lime had become so that it could be handled and moulded. The children played with it and moulded it in their play into dishes and mud pies. The janitor saw them doing so. On July 26 several children, including Helen and the Narr children, took some of the lime in a toy wagon to the home of Helen and were playing with it there, when some larger boys came along and began to tease them, and, in the process, one of the larger boys picked up some of the lime and threw it at Helen, hitting her in the eye and causing impairment of the sight. Plaintiff, as father of Helen, sued for damages. The court directed a verdict for defendant. Plaintiff appeals.

The decisive question in the case, as we view it, is whether there was any evidence that the defendant was guilty of any negligence. The trial court held there was not. With this we agree.

We shall not enter upon a discussion of the question of whether Helen was a licensee or an invitee. Perhaps she was the latter. She played with the Narr children in their back yard as all children play with the children of neighbors in their back yard. Everyone interested knew this. The essential facts are, however, that slacked lime is a common article of building material in general use among building contractors. It is frequently left exposed on lots and in public thoroughfares at places convenient to building operations. It is not naturally especially attractive to children and is not inherently any more dangerous than many other articles of common use that are ordinarily left within reach. It may be handled without harm. It is only dangerous when put into the eye or in contact with some tender member. It has not even a natural tendency to splash or scatter. This barrel of lime was put in a place convenient to the work and was kept and protected in the usual manner, in fact more protected than is often the case. The conduct of defendant was only permissive. The test applied in such cases, as stated in a

recent decision, Rothenberger v. Powers F. T. & S. Co. 148 Minn. 209, 181 N. W. 641, is that "if a man does an act, and he knows, or by the exercise of reasonable foresight, should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury." There was so little cause in common experience to apprehend a casualty of the kind that happened in this case that, in our opinion, defendant was not under duty to cause the removal of the material. Decisions in other states sustain this decision. Zartner v. George, 156 Wis. 131, 145 N. W. 971, 52 L. R. A. (N. S.) 129; Beetz v. City of Brooklyn, 10 App. Div. 382, 41 N. Y. Supp. 1009; Hall v. N. Y. Telephone Co. 214 N. Y. 49, 108 N. E. 182, L. R. A. 1915E, 191.

The case of Dahl v. Valley Dredging Co. 125 Minn. 90, 145 N. W. 796, 52 L. R. A. (N. S.) 1173, is instructive, though it is not directly in point, for there the children injured were trespassers and the "attractive nuisance" doctrine was invoked.

Order affirmed.