HERRING *v.* PLANTERS' LUMBER CO.

(Division A. March 12, 1934. Suggestion of Error Overruled April 9, 1934.)

[153 So. 164. No. 31037.]

Ross R. Barnett and P. Z. Jones, both of Jackson, for appellant.

Butler & Snow, of Jackson, for appellee.

Argued orally by **Ross R. Barnett,** for appellant, and by **C. B. Snow,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued the appellee for damages for personal injuries sustained by him because of alleged negligence of the appellee. At the close of the evidence, the court below sustained a motion for the exclusion thereof, directed the jury to return a verdict for the appellee, and there was a judgment accordingly. The evidence, in substance, is as follows:

Mississippi College owns and operates a male college at Clinton, Mississippi, with an extensive campus on which its buildings are situated, and through and around which are several concrete walks. This campus abuts on a public road, and one of its concrete walks extends to and connects with this road. This walk is used by the students and other persons entering the college grounds, and for a number of years with the knowledge of, and without objection by, the college, by persons living beyond the campus for the purpose of reaching their homes from the road with which the walk connects, one of whom was the plaintiff in this case.

The appellant contracted to sell five hundred brick to the college and to deliver them on the campus. The brick were delivered to the college between four-thirty and five o'clock in the afternoon, by one of the appellee's trucks, the driver of which, by direction of the superintendent of the college grounds, stacked two hundred fifty of them on this concrete walk. The brick were eight inches long, and were stacked in two tiers, two brick, or sixteen inches in width, the stacks being, according to the truck driver, one and one-half feet, and, according to the appellant two feet high. According to the truck driver, the brick were stacked even and parallel with one side of the walk; but according to the appellant, they were stacked diagonally on the walk, one end thereof being thirty-two inches from the edge of the walk. There was no structural defect in the stacking of the brick. They were stacked as and where the college campus superintendent directed.

About seven o'clock P. M., of the day on which the brick were stacked on the walk, the appellant, who is nearsighted, entered the college campus from the road, over this walk, and was proceeding thereon to his home beyond and on the opposite side of the campus. It was dark, the campus was not lighted, and there were no lights at or near the brick to give warning thereof. He stumbled over the brick, fell, and was injured.

The appellee suggests several reasons why the judgment is correct, but it will be necessary to consider only one of them, which seems to be the one on which the court below acted.

When the appellee's truck driver stacked the brick on the walk as directed by the college's campus superintendent, it complied with its contract to sell and deliver them, and had no further control thereover or concern therewith. The college had the right to stack the brick on the walk and there was no negligence in so doing alone; the negligence, if any, consisted in not

placing lights thereon or near thereto, or other danger signals, to warn persons using the walk at night of the presence thereof. The duty to so warn persons using the walk, if such there here was, rested not on the appellee, but on the college.

"Subject to some qualifications, among them the cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons; the general rule is that, after the contractor has turned the work over and it has been accepted by the proprietor, the contractor incurs no further liability to third parties, by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in its defective condition, is shifted to the proprietor." 1 Thompson on Negligence, section 686, quoted with approval and applied by this court in Vicksburg v. Holmes, 106 Miss. 234, 63 So. 454, 51 L. R. A. (N. S.) 469.

This rule is in accord with practically all the authorities, as will appear from the notes to Thornton v. Dow, 32 L. R. A. (N. S.) 968; note to Canal Construction Co. v. Clem, 41 A. L. R. 8, section 28 thereof; Memphis Asphalt & Paving Company v. Fleming, Ann. Cas. 1912B, 709; First Presbyterian Congregation v. Smith, 26 L. R. A. 504; Young v. Smith & Kelly Co., 4 Ann. Cas. 226, and 45 C. J. 884.

Affirmed.