### W. G. WETMORE & CO., Inc., et al. v. REED et al.*

#### No. 8722.

Circuit Court of Appeals, Fifth Circuit.

Aug. 9, 1938.

*Rehearing denied Sept. 20, 1938.

C. L. Tubb of Aberdeen, Miss., and Thos. J. Tubb, of West Point, Miss., for appellants.

James A. Cunningham, of Booneville, Miss., and John H. Holloman, of Columbus, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit by appellees, Mrs. Pearl Reed, widow of Glenn V. Reed, on behalf of herself and two minor children, to recover damages for the death of the husband and father, alleged to have been caused by the negligence of appellants, W. G. Wetmore, Inc. and F. S. Neely, in not maintaining proper signs, danger flags, barricades and warning lights on a bridge and road they were constructing. Defendants pleaded the general issue. There was joint and several judgment against both defendants. The assignments of error all run to the refusal of the district court to direct a verdict in favor of defendants. The case presents mainly a question of fact. The following material facts appear from the record.

In 1936 a new highway was under construction running from the end of Main

Street, Columbus, Mississippi, to a point on the Luxapalila River, where it would connect with U. S. Highway 82 on the far side of the river. The road was being built by the Mississippi Highway Commission, under the authority given it by Chapter 122, Mississippi Code of 1930, as amended by the laws of 1936. Neely had the contract to do the grading of the road up to a bridge over the river, a distance of about 3.6 miles. Wetmore had the contract to build the bridge. Neely completed his work on October 24th and a final estimate was given him by the Highway District Engineer. Neely had erected a barricade across the road about 1800 feet from the bridge. About September 28th he was requested by the district engineer to remove the barricade, to permit Wetmore to use the road for the purpose of hauling material for the construction of the bridge, and did so. Wetmore erected another barricade about 50 feet from the edge of an excavation he had to make in the road, as graded by Neely, for the purpose of putting down the bridge approaches. This barricade was composed of gum logs and saplings and was erected about the first of September. The road was not officially open to the public but automobiles other than those used by Wetmore constantly travelled over it without objection from defendants or the representatives of the Highway Department. The district engineer had not instructed either Neely or Wetmore to post signs warning the public to not use the road or to put up lights. There were no signs notifying the public the road was not open. On the night of October 30, 1936, the deceased was riding in an automobile over the road with a woman companion, travelling at the rate of 40 to 45 miles an hour. There were no lights on Wetmore's barricade. The automobile crashed through the barricade and went over the end of the fill into a pit that had been dug by Wetmore, resulting in Reed's death. The above stated facts are undisputed.

There was evidence tending to show that the barricade was about the same color as the road and any one approaching it in an automobile could not see it until close upon it. If so, the failure to indicate its presence by a proper light to anyone approaching it at night could be negligence.

Since error is not assigned to the charge we must assume the district court correctly instructed the jury as to the law of Mississippi. We consider there was sufficient evidence to go to the jury on the question of negligence on the part of Wetmore. A different situation is presented as to Neely. Neely had nothing further to do with the construction of the road. So far as his work was concerned the road was safe. His duty to warn and protect the public against any danger incident to his work was at an end before the accident. Herring v. Planters' Lumber Co., 169 Miss. 327, 153 So. 164; 45 C.J. 884, § 320, Negligence. It would be a matter of pure speculation for the jury to find that Neely was guilty of any negligence that could have been the proximate cause of the accident or contributory thereto. The judgment against him is not supported by any substantial evidence.

On the appeal of Wetmore the judgment is affirmed. On the appeal of Neely the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.