**THELMA JOHNSON, a minor, by her next friend and father, CLIFFORD JOHNSON, v. GEORGE D. WOOD.**

21 So. (2nd) 353                  January Term, 1945
March 16, 1945                          En Banc

*Laura H. Hyde* and *John E. Lake,* for appellant.

*Gov. Hutchinson,* for appellee.

TERRELL, J.:

This case stems from the attractive nuisance, otherwise known as the turntable doctrine. The trial court sustained a demurrer to the amended declaration; the plaintiff declin-

ing to plead further, final judgment was entered for the defendant and plaintiff appealed.

Did the amended declaration state a cause of action is the question with which we are concerned.

The trial court in sustaining the demurrer to the declaration appears to have relied on Fitzpatrick v. Rose Donahue Realty Company, 151 Minn. 128, 186 N. W. 141; Hall v. New York Telephone Co., 214 N. Y. 49, 108 N. E. 182; and Zartner v. George, 156 Wis. 131, 145 N. W. 971. These cases and many others have been read and if it was charged that they confused the issue, we would not dispute the charge.

In fact, some legal philosopher said a little while ago that "justice is a frontier for man's penetration which has not yet been adequately surveyed. Its unpenetrated fastnesses are yet a challenge to the imagination." A study of any liberal anthology of the law on the subject of attractive nuisances will support the philosopher's cogitation. In view of this situation, it will not be out of place to brush aside some of the cobwebs that have been woven into the legal reasoning on the subject.

The cases treating it fall in two classes, those in which the attractive nuisance is placed along or near a public highway, byway, playground, or other place where children of tender years frequent and those placed or located on private property or in more remote places where children are not expected to visit without permission and may be termed trespassers if they do. Some of the cases apply different rules of negligence to both classes. In the latter class of cases, recovery has been limited to gross negligence.

This case falls within the first class. It is alleged that the appellant is a child five or six years old, that the defendant is a building contractor engaged in the construction of buildings near the corner of Buckman and 13th Street in Jacksonville, that he kept a mortar box in which there was a mixture of lime, sand, and other ingredients which was unguarded and unprotected, that the mortar box was near the street and a path which had been frequently used by children for ten years, that the defendant knew or by the exercise of ordinary caution should have known that the mortar box and contents

would be attractive to children, yet he negligently failed to exercise due caution to protect, guard, or fence said mortar box, that on or about the 11th day of December, 1943, appellant, a minor of five years of age, ignorant of the danger therein and while in company with other children of about the same age, was lured to the mortar box and one of her companions threw some of its contents in her face and eyes whereby she lost the sight of one eye and her hearing was injured, that her injuries are permanent and she claims damages therefor.

It will thus be seen that this is not an attempt to apply the attractive nuisance doctrine to an accident arising where the agency that caused it was set up on private premises where children are not expected to go but one where it was set up near a path and public highway where they were known to frequent. In such a case, the test of the sufficiency of the declaration is not whether it shows that adults of experience would be attracted to the agency and be injured but whether it shows that children of tender years would be attracted by it. In other words, the key to determination is the experience and keenness of the normal child rather than that of the normal adult.

It is a well known fact that a mortar box will lure children of tender years while it would repel those of more mature years. A child beginning to toddle will walk deliberately into the fire, off the balcony, or out the door; one two or three years old will put his hand into a live electric fan, on a hot stove or into the machine belt. The tendency of children to play in sand boxes and make mud pies is so well known that it would seem foolish to question the point to those who have had responsibility for children. When we get older and stub off a few toe nails, burn some fingers, and get scarred up, our path gradually becomes aglow with the lamp of experience and youthful indiscretions are thrown to the discard.

This state is committed to the attractive nuisance doctrine; that is to say, the law of Florida recognized a distinction between the discretion of normal children and that of adults, between those who are weak and those who are strong and as to each class exacts a degree of care and responsibility

commensurate with their age and condition. We have to this extent reversed the dictum of Cain and have declared it to be the policy of the law of this State that we are our brother's keeper and that we are clothed with a trusteeship as to the care of those of tender years.

The attractive nuisance doctrine is an exception to the rule of non liability for injury to infant trespassers. Unless the circumstances bring them within the attractive nuisance rule, the doctrine of non liablity for injuries to trespassers applies to infant trespassers in the same degree that it does to adult trespassers. The doctrine had its origin in the English case of Lunch v. Nurdin, 1 Q.B. 29, 41 E.C.L. 422, 113 Reprint 1041. This was a case in which the owner left his horse and cart unattended in the street. A child of seven got in the cart and a second child drove the horse down the street; the first child fell from the cart and the wheel ran over and broke his leg. The owner was held liable though the child was a trespasser and contributed to his injury. It was further held that the negligence vel non of the owner was one for the jury. The doctrine was first recognized in this country by the Supreme Court of the United States in Sioux City and Pacific Ry. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, a case in which a child of tender years was injured while playing with other children on a railroad turntable; hence the turntable doctrine. The very reason for the doctrine is that while the danger of the instrumentality is apparent to one of mature years, it is not so to one of tender years but may in fact be so enticing to them that it amounts to an invitation. Some of the cases hold that the child is not a trespasser under such circumstances.

In a case like this, it is no answer to say that appellant had no business there or that her parents should have forbidden her going on the premises. The declaration alleges that the mortar box was near the sidewalk and a path which was frequented by children. If these facts are established and the appellant was a child of normal propensities, then it was for the jury to determine whether or not defendant negligently left the mortar box and contents unguarded where children of tender age would find it.

In reaching this conclusion, we do nothing more than extend the fundamental legal doctrine, for every wrong there is a remedy to children of tender years. That is the very basis of the attractive nuisance doctrine. Appellant alleges that she has been maimed for life. If she can prove this and show that it was attributable to appellee's negligence in that he failed to use the forethought that one in his position is charged with using, then he is liable to the plaintiff.

In this holding, we do not overlook the alleged independent intervening cause of the accident which appellee contends should defeat recovery. There may be cases in which this would be a good defense but this is not one of them. We think the declaration was sufficient and that the demurrer should have been overruled.

The judgment appealed from is accordingly reversed with directions to reinstate the cause and proceed accordingly.

Reversed.

CHAPMAN, C. J., BROWN, BUFORD and THOMAS, JJ., concur.

ADAMS and SEBRING, JJ., dissent.

SEBRING, J., dissenting:

I dissent because I am of the view that the declaration does not contain a direct allegation of ultimate fact, that the defendant knew or should have known that children frequented the place where the mortar box of defendant was kept. Had such allegation been incorporated in the declaration I am of opinion that a cause of action would have been stated.