82 So.2d 890 (1955)
Michael COCKERHAM, a minor, by Quentin Cockerham, as his next friend, and Quentin Cockerham, Appellants,
v.
R.E. VAUGHAN, Inc., a Florida corporation, Appellee.
Supreme Court of Florida. En Banc.
September 23, 1955.
Rehearing Denied November 7, 1955.
*891 Von Zamft & Kravitz, Miami, and Truett & Watkins, Tallahassee, for appellants.
Blackwell, Walker & Gray, Miami, for appellee.
DREW, Chief Justice.
In this tort action the appellant, a 2 1/2 year old child, sought damages for injuries sustained when he fell into a hold 6' x 5' x 6' existing on land of another. He alleged among other things that the appellee dug the hole to install a septic tank pursuant to a contract for that with the owner of the land and negligently left the same wholly unprotected for several weeks with notice or knowledge that small children were attracted thereto.
Depositions were taken of an officer of the appellee corporation and of an owner of the land. Pursuant to motion of appellee, the trail court entered a summary final judgment in its favor.
This case is controlled by Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411, 413, subsequent to the date of the final judgment from which the appeal is prosecuted. Thus it will be observed that the trial court did not have the benefit of that decision before it at the time of the ruling in this case.
Carter v. Livesay Window Co., Inc., supra, arose out of an injury sustained by a minor when a precast concrete window frame fell on him while he was playing in and around a home under construction. The sub-contractor had placed the concrete window frame in position in the early morning of December 1, 1951, knowing that no one connected with the construction would be around the premises over the weekend. It was during this period that the minor, plaintiff in the case, pulled over one of the insecurely placed frames and received the injury. There we said, "Whether the deceased child was a trespasser upon the premises in question is not material. * * * The test to be applied in a case of this type is whether a reasonably prudent person should have anticipated the presence of children or other persons at the place where the appellee created a condition that a jury could find was an `inherently dangerous condition' or a `dangerous instrumentality' like unto an explosive substance, an inflammable material, a live wire or a spring gun." Moreover, we observed in that case, "The job was in a residential neighborhood where, as urged by the appellant, there were families with children. In addition to being so close akin to the attractive nuisance doctrine, it is common knowledge that children are as prone to play around houses under construction as monkeys are prone to climb trees."
It is contended that appellee breached no duty to appellant because it was a contractor not in control of the premises. It is true that appellee was a contractor making an installation on land of another, but that fact is not controlling here. The appellee contractor had not finished the job of installing the septic tank. The liability of the appellee for the artificial condition created by him upon the land of another while the work remained in his charge was exactly co-extensive with that of the possessor of the land. The rule is precisely *892 stated in Vol. II, Restatement, Torts (1934) Sec. 384, as follows:
"One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to the same liability, and enjoys the same immunity from liability, as though he were the possessor of the land, for bodily harm caused to others within and without the land, while the work is in his charge, by the dangerous character of the structure or other condition."
Clearly, so long as the work by the appellee was unfinished and remained in his charge, the appellee was subject to the same liability to others for harm resulting from that particular work entrusted to him as though he were the possessor of the land. The rule of liability applicable to a possessor of land under the circumstances of the instant case is aptly summarized in Section 339, Restatement, supra, which section is referred to in comment h., under Section 384. That rule prescribed by Section 339 is as follows:
"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and
"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and
"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."
The circumstances of the instant case considered in the light of Carter v. Livesay Window Co., Inc., supra, and the rules of the Restatement of Torts quoted, supra, show clearly that it cannot be said as a matter of law there is no liability on the part of appellee for the injury to the infant appellant. Therefore, genuine issues of material facts were present in this case and it was error for the trial court to enter a summary judgment for appellee.
Reversed.
HOBSON, ROBERTS and THORNAL, JJ., concur.
TERRELL, THOMAS and SEBRING, JJ., dissent.
TERRELL, Justice (dissenting).
I think this case is ruled by Newby v. West Palm Beach Water Co., Fla., 47 So.2d 527, Fields v. Quillian, Fla., 74 So.2d 230 and United Zinc & Chemical Co. v. Britt, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615, and being so the judgment should be affirmed.
I therefore dissent.
THOMAS and SEBRING, JJ., concur.