120 So.2d 808 (1960)
Earl Leroy FOURAKER, a Minor, by Dorothy C. Wade, His Next Friend, Appellant,
v.
T.M. MULLIS t/d/b/a Mullis Lumber Co., Appellee.
No. B-243.
District Court of Appeal of Florida. First District.
June 2, 1960.
Rehearing Denied June 17, 1960.
Will O. Murrell, Jr., Orlando, and Hall, Hartwell & Douglass, Tallahassee, for appellant.
McNatt & Mathews, Jacksonville, for appellee.
*809 CARROLL, DONALD K., Judge.
This is an appeal from a final judgment entered upon an involuntary nonsuit taken by the plaintiff at the trial of a personal injury action when, at the close of the plaintiff's evidence, the trial court indicated its intention to direct a verdict for the defendant. This appeal was taken pursuant to Section 59.05, Florida Statutes 1957, F.S.A.
The appellant, a twelve-year-old boy, filed this action for personal injuries against the appellee seeking recovery under the attractive nuisance doctrine for the loss of sight in his right eye and other injuries sustained as a result of being struck in the face by wet plaster (slaked lime) obtained from a plaster mixing trough on appellee's construction job and thrown by another boy. From the evidence it appears that the appellee, a general contractor, was building a new home on a vacant lot in Riverview Subdivision, a relatively thickly populated area in Jacksonville, Florida. Neighborhood children, including the appellant, were accustomed to using that lot as a playground, both before and during the period of this construction. On April 28, 1958, at about 6:30 p.m., the appellant and several other children were engaged in a "sand war" and "rock fight" on this lot both inside and outside the partially completed home. Appellant was standing outside the house taking part in this dangerous sport with the reckless abandon characteristic of his years when Harry Baity, the seventeen-year-old brother of some of the participants, appeared on the scene and joined in the fun by taking a handful of wet plaster from an open mixing trough located next to the building and hurling it at the back of the appellant's head. At that moment the appellant turned and was struck full in the face with the plaster. As a result, he lost his sight in his right eye and suffered other less permanent injuries to his left eye and face.
On indicating his intention to direct a verdict for the appellee, the trial court "certified" the following as the reasons for its "inclination": (1) It was the house under construction, rather than the mortar box, that attracted the children; (2) the event that cost the appellant his sight was not foreseeable by the appellee; (3) the jury could not have found the mortar box to be an inherently dangerous condition; (4) the children were old enough to understand the risk of fighting with plaster; (5) the act of Harry Baity in throwing the plaster was an intervening cause.
As the scope of appellate review available to the appellant is similar to that which would have been available had the trial judge entered a final judgment based upon the directed verdict, the propriety of directing a verdict for above reasons is subject to review in this appeal. Adler v. Copeland, Fla.App. 1958, 105 So.2d 594. In addition to those points the appellee has raised the question of the applicability of the attractive nuisance doctrine to a general contractor under the facts of this case which indicate that the mortar trough was left open and accessible by a plastering sub-contractor.
It is well-settled in Florida that this doctrine may be applicable to a general contractor or to anyone else who has the control over and the primary responsibility for the erection of a new building. Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890. On direct examination at the trial the appellee admitted that he was in charge of the job. In the face of this testimony we are unable to agree with his contention on appeal that it was another's responsibility to provide safeguards for the mortar box.
We now consider the reasons "certified" to this court by the trial court for its inclination to direct a verdict for the appellee. The first of these has to do with the severability of the mortar trough from the construction itself. It is clear that a building under construction may be an attractive nuisance to children of tender *810 years. Atlantic Peninsular Holding Co. v. Oenbrink, 1938, 133 Fla. 325, 182 So. 812. It seems equally clear that construction materials, tools, or anything else which is necessary to the actual construction and which could be considered inherently dangerous to children could be a part of the attractive nuisance. Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411. In most cases, as here, these are questions of fact to be resolved by the jury under proper instructions from the trial court.
The findings of the trial court concerning the lack of foreseeability and the intervening cause embodied in the act of Harry Baity present an example of a trial court's invasion of the exclusive province of the jury to determine facts. Without adding further to the wealth of general judicial expressions on this subject, we hold that in this case there was ample evidence from which the jury could have lawfully found that the appellee knew or should have known that neighborhood children were likely to use his construction site as a playground and could have lawfully found that this knowledge was a sufficient predicate upon which to ground the reasonable foreseeability of this injury.
The findings that the open mortar box partially filled with slaked lime was not inherently dangerous was clearly error. The Florida Supreme Court decided this question in the case of Johnson v. Wood, 1944, 155 Fla. 753, 21 So.2d 353, where it was stated:
"It is a well known fact that a mortar box will lure children of tender years while it would repel those of more mature years."
Next we consider the final reason advanced by the trial court for its ruling in which it found, as a matter of law, that the children were old enough to understand the risk of fighting with plaster. While it is true that the age of the injured child is one factor that must be taken into consideration in determining the applicability of the attractive nuisance doctrine, age is only one of several factors, including maturity, intelligence, and capacity, which should be considered. Such considerations are ordinarily reserved for the jury and should have been submitted to them here.
Accordingly, the judgment appealed from is reversed and the cause remanded for a new trial in accordance with the views expressed herein.
WIGGINTON, C.J., and STURGIS, J., concur.