LOPEZ, AQUILINO, Jr., Associate Judge.
The two appeals in this case are both by plaintiffs from summary judgments entered by the Court below for the defendants and are based upon depositions, affidavits and photographs. The judgment in favor of defendant Looby was entered on March 7, 1960, while the one in favor of defendant Empire was entered on April 19, 1960.
This action grows out of an accident that occurred on August 4, 1959, in which the minor plaintiff, 9 year old Carl G. Baader, Jr., was injured when a bundle of roof trusses delivered by defendant Empire to defendant Looby’s building site across from plaintiff’s home fell breaking minor plaintiff’s leg. The suit was based upon the theory of attractive nuisance and the lack of reasonable care on the part of defendants.
At the time of the accident, the defendant Looby was engaged in the construction of buildings directly across from the home where the 9 year old plaintiff lived while the defendant Empire was engaged in the manufacture of roof trusses which were delivered by its employees to the building site where the defendant Looby was constructing certain buildings.
Just before the accident, which occurred in the early evening after the workmen had gone home, the minor plaintiff stood in his own yard and saw across the street 2 sand piles and 2 bundles of trusses in front of one of the buildings under construction. One of the bundles was lying on its side while the other was on edge so that one corner stuck high up into the air with the longest side of the triangle presenting a slope up to the highest point. Each bundle of trusses was strapped with metal strips and contained approximately one dozen roof trusses, some almost 25 feet long and each truss weighing 75 to 80 pounds.
The minor plaintiff called to a 6 year old boy to come over where he was seesawing on the trusses, saying “this is neat”. The two boys played on this pile of trusses, for a few minutes. A few moments later a neighbor heard a scream and she saw Carl G. Baader, Jr. pinned under the bundle of trusses on which he was playing. It took 8 or 10 persons to lift the trusses sufficiently to move the minor plaintiff.
*747 The record shows that on the day of the accident neither defendant Looby nor any of his employees were actually working at the place where the trusses were placed, but that one Boyette, an employee of Looby, was working on the next building. Boyette had worked for Looby on this job for some time and he often signed slips on delivery of concrete and concrete blocks when no one else was around. On the day of the accident, the trusses were delivered to the premises by Empire Roof Truss Co. and Boyette signed the receipt. Boyette did not actually see them unloaded but knew they were there. There is no evidence in the record that there was a watchman on the premises.
It appears that in granting a summary judgment in favor of defendant Empire the lower court determined that the trusses had been delivered into the custody and control of Looby prior to the accident so the only issue in regard to defendant Empire was whether or not a contractor or materialman is discharged from liability for injury to third persons occurring after the contractor has completed the work and turned the project over to the employee who accepts the work, or after the materialman has turned over the material to contractor or owner whose agent or employee has accepted same.
The general rule as stated and annotated in 41 A.L.R. 8, 123 A.L.R. 1197, 13 A.L.R. 2d 191 and 58 A.L.R.2d 865 is:
“An independent contractor is not liable for an injury to person and property of one not a party to the contract, occurring after such contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him though the injury resulted from the contractor’s failure properly to perform his contract.”
This general rule was followed in a case (Herring v. Planters’ Lumber Co., 169 Miss. 327, 153 So. 164) analogous to the present case. That case held that an independent contractor delivering and stacking bricks on a college campus as directed and accepted by the college campus superintendent was not liable for injury to a third per-' son. Florida courts have recognized this general rule. See: Carter v. Livesay Window Co., Fla.1954, 73 So.2d 411; Slavin v. McCann Plumbing Co., Fla.1954, 73 So.2d 902; Bowman v. S. S. Jacobs Company, Fla.1957, 93 So.2d 574; Slavin v. Kay, Fla.1958, 108 So.2d 462; Leveridge v. Lapidus, Fla.App.1958, 105 So.2d 207.
The more modern view holding the contractor liable for foreseeable harm caused by negligence is expressed in 58 A.L.R.2d 865, but Florida still adheres to the general rule of non-liability. There are some exceptions such as those expressed in the Cases of Carter v. Livesay Window Co. and Slavin v. McCann Plumbing Co., which cases have been heretofore cited.
The trial court was therefore correct in entering the summary judgment in favor of defendant, Empire Roof Truss Corp.
The same is not true in regard to the summary judgment entered in favor of defendant, John Lang Looby, because in one of the leading cases in Florida on attractive nuisances, Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182, So. 812, the Supreme Court held that, “whether structure was an attractive nuisance, whether defendant was shown' to have breached its duty, and whether boy was contributorily negligent, were for jury under conflicting evidence.” That case further points out that the Court should not grant a summary judgment or a directed verdict unless there is no evidence or inference to be determined from the evidence upon which a jury could bring a verdict for the plaintiff.
The case of Fouraker v. Mullis, Fla.App. 1960, 120 So.2d 808, sets forth that cases of this type should go to a jury on the question of defendant’s negligence, the attractive nuisance and plaintiff’s contribu *748 tory negligence. See also, Johnson v. Wood, 155 Fla. 753, 21 So.2d 353; May v. Simmons, 104 Fla. 707, 140 So. 780; Larnel Builders Inc., v. Martin, Fla.App.1958, 105 So.2d 580; Ansin v. Thurston, Fla. App.1957, 98 So.2d 87.
Therefore the trial court was in error in entering the summary judgment in favor of John Lang Looby as this court is of the opinion that the issues in that case should be resolved by a jury because in addition to the reasons hereinbefore stated there was also a genuine issue as to material facts as shown by the depositions, affidavits and photographs.
Accordingly the judgment appealed relating to Empire Roof Truss Corp. is affirmed and the judgment appealed relating to John Lang Looby is reversed.
PEARSON, Acting C. J., and CARROLL, CHAS., J., concur.