202 So.2d 191 (1967)
Bruce N. PETTERSON, a Minor, by and through His Next Friend, Natural Guardian and Father, Birger Petterson, and Birger Petterson, Individually, Appellants,
v.
CONCRETE CONSTRUCTION, INC., OF LAKE WORTH, a Florida Corporation, Nathan Adler and Louis Zehnle, Individually, and Doing Business As Brazillia Apartments, Appellees.
No. 581.
District Court of Appeal of Florida, Fourth District.
August 29, 1967.
Rehearings Denied September 28, 1967.
*193 Al J. Cone and Larry Klein, of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellants.
Donald J. Lunny, of Sutton, James Bielejeski & Lunny, and Pomeroy, Blanton, McVeigh & Pomeroy, Fort Lauderdale, for appellee-Concrete Construction, Inc. of Lake Worth.
John Beranek and Charles H. Damsel, Jr., of Jones, Adams, Paine & Foster, West Palm Beach, for appellees-Nathan Adler and Louis Zehnle.
CROSS, Judge.
The appellants (plaintiffs), Bruce N. Petterson, a minor, by and through his next friend, Birger Petterson, and Birger Petterson, individually, appeal from a final order dismissing with prejudice their amended complaint against the appellees (defendants), Nathan Adler and Louis Zehnle, and Concrete Construction, Inc. of Lake Worth.
The sole question for our determination is whether or not the amended complaint stated a cause of action in what is known as the attractive nuisance doctrine or could be further amended to do so without a *194 complete departure from the facts already alleged.
Plaintiff, Bruce Petterson, eleven years old, and a friend entered onto property which was owned by defendants and on which a building was under construction. The plaintiff found some .22 caliber cartridges that were used in a ram-jet instrument designed to drive screws into concrete walls. Plaintiff took some of the cartridges home with him, and he was injured the following day when one of the cartridges exploded. The suit is against the landowners and the contractor.
The elements essential to state a cause of action in Florida under what has been named the doctrine of attractive nuisance are now delineated by the Restatement of Torts, § 339, and are cited with approval in Ridgewood Groves, Inc. v. Dowell, Fla. App. 1966, 189 So.2d 188; Banks v. Mason, Fla.App. 1961, 132 So.2d 219; Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890. Section (e) was added in 2 Restatement of Torts 2d. It was not considered in the above cases. 2 Restatement of Torts 2d, § 339, reads as follows:
"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."
(Clause (e) which was unaccountably omitted in the first Restatement is included to make it clear that this is only negligence liability and that the defendant is not liable if he has used all reasonable care under the circumstances.) Reporter's notes 2 Restatement of Torts, 2d, § 339.
This rule as stated is now accepted by the great majority of American courts. The rule originated in 1873 in Sioux City & Pacific R. Co. v. Stout, 1873, 84 U.S. (17 Wall.) 657, 21 L.Ed. 745, where a child was injured while playing with a railroad turntable. From that case and others like it the rule acquired the name of the "turntable doctrine". An early Minnesota decision, Keffe v. Milwaukee & St. Paul R. Co., 1875, 21 Minn. 207, 18 Am.Rep. 393, supplied the theory that the child had been allured or enticed onto the premises by the condition created by the defendant, so that the defendant was himself responsible for the trespass and could not set it up against the child. From this theory the rule acquired the name of "Attractive Nuisance" by which it is still known in many courts.
Applying this theory, the United States Supreme Court held, in United Zinc & Chemical Co. v. Britt, 1922, 258 U.S. 268, 42 S.Ct. 299, 66 L.Ed. 615, 36 A.L.R. 28, that there was no liability to the child where he had not been attracted onto the premises by the particular condition which injured him. At one time this position had considerable acceptance, but it is now generally rejected. It is now recognized by most of the courts that the basis of the rule is merely the ordinary negligence basis of a duty of reasonable care not to inflict *195 foreseeable harm on another, and that the fact that the child is a trespasser is merely one of the facts to be taken into consideration. The label attractive nuisance has now become a misnomer. The result is a limited obligation to the child, falling short of a duty to prevent all foreseeable harm to him, but requiring reasonable care as to those conditions against which he may be expected to be unable to protect himself. 2 Restatement of Torts, 2d § 339, page 198.
In the case sub judice the trial court in its order stated "[t]he Court is of the opinion that the complaint fails to state a cause of action in several respects. (1) Its allegations are not sufficient to show that the structure constituted an attractive nuisance in itself. (2) The cartridges were not what attracted Plaintiff to the premises. (3) Cartridges are not classified as explosives under the laws of Florida, and (4) in any event, even if Defendant maintained an attractive nuisance, this was not the proximate cause of Plaintiff's injury when Plaintiff wrongfully took the cartridges from the premises to his own home and the next day was there injured as a result of his own act."
An examination of the points delineated by the trial judge illustrates vividly the error in the reasons stated for granting defendant's motion to dismiss plaintiff's complaint.
As to Point (1): It is evident from reading Section 339 of the Restatement that the plaintiffs' allegations do not have to show that the structure constituted an attractive nuisance in itself. As long as plaintiffs' allegations fit within the elements delineated by the Restatement of Torts, § 339, he has stated a cause of action.
As to Point (2): The condition which caused the child's injury does not have to be that which attracted the child to the premises. In comment on Clause (a) in the Restatement the author specifically mentions "[t]herefore the possessor is subject to liability to children who after entering the land are attracted into dangerous intermeddling by such a condition, although they were ignorant of its existence until after they had entered the land. * * *" Before Florida adopted Restatement, § 339, Cockerham v. R.E. Vaughan, supra, a requirement of the doctrine of "attractive nuisance" was premised upon an allurement or attraction to the child to the land. This factor is now eliminated from the Restatement of Torts.
As to Point (3): The trial judge is looking at the sufficiency of the evidence. The fact that cartridges are not classified as explosives would not preclude recovery under Section (b). The Supreme Court in Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411, refers to the "condition" as being what a jury could find as inherently dangerous * * * like unto an explosive substance. In Fouraker v. Mullis, Fla.App. 1960, 120 So.2d 808, it is stated, at page 810:
"* * * It seems equally clear that construction materials, tools, or anything else which is necessary to the actual construction and which could be considered inherently dangerous to children could be a part of the attractive nuisance. Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411. In most cases, as here, these are questions of fact to be resolved by the jury under proper instructions from the trial court." (Emphasis added.)
As to Point (4): Proximate cause is in the overwhelming amount of times a question for the jury and so is an intervening cause a question of fact for a jury to decide on the evidence presented to it. Cases on these points are legion both in Florida and other jurisdictions. The question of proximate cause is a question of proof and should not have been considered by the trial judge in reviewing defendants' motion to dismiss.
*196 We turn now to consider the amended complaint to determine if it contains the essential allegations to establish a cause of action under the Restatement of Torts, 2d, § 339.
It is most important to keep in mind that we must confine ourselves to consider strictly the allegations within the four corners of the complaint. This court must accept as true the allegations of fact contained in the complaint. Thompson v. Safeco Insurance Company of America, Fla.App. 1967, 199 So.2d 113; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711. And this court is without authority to speculate as to what the true facts may be or what facts will be ultimately proved in the trial of the cause. The question of the sufficiency of the evidence which the plaintiff will likely be able to produce in a hearing on the merits is wholly irrelevant and immaterial in reaching such a determination. In our judicial system no privilege is more valuable than the opportunity accorded a plaintiff, who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts.
Applying the aforementioned rules as delineated above to the allegations in the complaint: As to subsection (a) plaintiff alleges that on or about the 23rd day of August 1964 the plaintiff and a young friend were looking through and about a certain building under construction and that the structure was incomplete, and there were about the structure, boards, blocks of wood, loose sand and such items which attract young children for playing. That there were children living in the neighborhood and these children were attracted to this construction site and played on this construction site.
The Supreme Court of Florida has upon several occasions found that what it termed an attractive nuisance existed upon premises where a building was in the process of construction. See Atlantic Peninsular Holding Co. v. Oenbrink, 1938, 133 Fla. 325, 182 So. 812 (concrete floor collapsed due to latent defects); Johnson v. Wood, 1945, 155 Fla. 753, 21 So.2d 353 (unprotected mortar box placed near sidewalk and containing caustic ingredients); Carter v. Livesay Window Co., Fla. 1954, 73 So.2d 411 (heavy concrete window frame placed on a narrow ledge so that a small force would cause the frame to fall); Cockerham v. R.E. Vaughan, Inc., Fla. 1955, 82 So.2d 890 (unprotected hole for septic tank); Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908 (a bed of red hot coals covered by a layer of grey ashes placed by contractor on a lot used by neighborhood children as a playground).
We find that plaintiff's allegations completely satisfy the condition required in subsection (a) of § 339 of the Restatement of Torts.
As to subsection (b) the plaintiffs allege that the defendants knew or in the exercise of due care should have known that if small children were to find these cartridges they could easily be exploded and cause serious injuries.
The allegations necessary to satisfy subsection (b) of the Restatement can be found by perusing the comments under this section. The author states "[t]he duty of the possessor, therefore, is only to exercise reasonable care to keep the part of the land upon which he should recognize the likelihood of children's trespassing free from those conditions which, though observable by adults, are likely not to be observed by children, or which contain the risks the full extent of which an adult would realize but which are beyond the imperfect realization of children." The test to be applied at a hearing on the merits under subsection (b) would be whether a reasonable prudent person should have anticipated that the condition created by him involved an unreasonable risk of harm defined as one inherently dangerous and in the nature of a "trap". *197 Carter v. Livesay Window Company, supra; Switzer v. Dye, Fla.App. 1965, 177 So.2d 539.
The amended complaint in the instant case sufficiently alleges all the essential conditions of subsection (b). Again we emphasize that whether the plaintiffs will ultimately be able to carry the burden of proving these allegations by competent evidence at a hearing is wholly irrelevant to the present consideration.
The allegations sufficient to meet the conditions of subsection (c) are simply allegations that the child did not appreciate the full risk involved in intermeddling with the condition which caused the injury.
We find no allegations in plaintiff's amended complaint to satisfy subsection (c) of the Restatement; nevertheless, we do find that it would be a simple matter to cure this deficiency by amendment without departing from the facts already alleged.
The allegations needed to satisfy the conditions of subsections (d) and (e) are as to (d): that the particular condition regarding an unreasonable risk to trespassing children could have been obviated without any serious interference with the possessor's legitimate use of the land, and as to (e), that the possessor of the land failed to take the steps which a reasonable man would take under the circumstances which existed.
Again we find there to be no allegations in plaintiff's amended complaint which will satisfy the conditions required in subsections (d) and (e). But again it would be a simple matter to comply with these subsections by plaintiffs amending their complaint, and this amendment could be accomplished without any departure from the facts already alleged.
We therefore agree with the trial court that the amended complaint as it now stands fails to state a cause of action, but it is at this point that our agreement ends. The deficiencies noted could be cured by amendment without any departure from the facts already alleged and the trial court although correctly granting defendant's motion to dismiss should have granted the plaintiff's leave to amend.
This court is committed to the view that leave to amend should be freely given. It is provided by our Rules of Civil Procedure[1] that amendments to pleadings be liberally allowed in the interest of justice so that the merits of the case may be reached whenever possible to do so. This principle is indulged so that "fundamental justice may not be cast upon the reefs of technicality." Wilensky v. Perell, Fla. 1954, 72 So.2d 278; McCullough v. McCullough, 1945, 156 Fla. 321, 23 So.2d 139.
Granting leave to amend rests in the sound discretion of the trial court but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend has been abused. Fouts v. Margules, Fla.App. 1957, 98 So.2d 394, and cases cited therein. This is true even though the trial judge is of the opinion that the proffered amendments will not result in the statement of a cause *198 of action. Slavin v. McCann Plumbing Co., Fla. 1954, 73 So.2d 902; Town of Coreytown v. State ex rel. Ervin, Fla. 1952, 60 So.2d 482, 487, and cases therein cited.
Accordingly, the order appealed is reversed, and the cause remanded with directions for further proceedings consistent with this opinion.
Reversed and remanded.
MINNET, JAMES F., Associate Judge, concurs.
ANDREWS, J., dissents, with opinion.
ANDREWS, Judge (dissenting).
I respectfully dissent.
The doctrine of attractive nuisance does not mean that every time a child wanders onto a construction site and is injured a jury can decide where the burden will be placed.
A statute excludes cartridges from the definition of explosives subject to strict regulation, F.S.A. § 552.081(1), but I hesitate to hold as a matter of law that blank cartridges could never satisfy the requirement of inherent danger essential to attractive nuisance. Fortunately, in this case we need not go that far. Here the plaintiff removed a box of the cartridges and was injured the following day when he exploded one of them. Normally whether or not the taking from the premises and subsequent detonation of an explosive is an intervening efficient cause is a factual issue, being a question of foreseeability. But here, where the item removed is not so inherently dangerous as an explosive, requiring much more improbable actions by the child to produce injury, I would hold as a matter of law that the plaintiff's actions were an independent intervening cause.
While each element of attractive nuisance is of independent significance, the quantum of proof required to meet any one may depend upon the facts relevant to another. Cargill, Incorporated v. Zimmer, 8 Cir.1967, 374 F.2d 924, 930. Similarly, the overall questions of proximate cause and the standard of care imposed on a defendant will vary with the differing nature of the facts pertinent to each element. Liability might be found where the danger is great, but the defendant has relatively little reason to anticipate the presence of children. Or as here, a condition presenting a comparatively reasonable risk implies a relatively narrow scope of foreseeable intervening forces. This is nothing more than the reasonable man standard and is normally for the jury. Here, however, the danger is so slight that I would hold as a matter of law that the defendants could not foresee the improbable intervening acts of the plaintiff child.
Accordingly, I would affirm.
NOTES
[1] Rule 1.15, Fla.R.Civ.P., 30 F.S.A. (now Rule 1.190(a) and (e)) 

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *
"* * *
"(e) Amendments Generally. The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. * * *"