SHAHOOD, Judge.
This is a premise liability action in which the trial court granted summary judgment in favor of appellee/defendant, Eugene Gentile Builders. We reverse.
Eugene Gentile Builders, a general contractor, was in the process of constructing several condominium units on the property of Palm Beach National Golf and Country Club, Inc. (“Palm Beach National”). Be *1015 cause of past occurrences of vandalism on the construction site, Kerry Finn (“Finn”), the general manager at Palm Beach National, requested that the Palm Beach County Sheriffs Office send an officer to the construction site to conduct surveillance. Although Finn notified the contractor that he planned to call the police regarding the vandalism, it is clear from the record that Eugene Gentile Builders did not know that an officer would be conducting surveillance at night inside an unfinished building on the site.
Appellant/plaintiff, John Worth (“Worth”), the officer sent to Palm Beach National, decided to surveil the property from inside the unfinished building. While walking around in the darkness familiarizing himself with the inside of the building, Worth fell into an unbarricaded elevator shaft and was injured. He filed suit against both Palm Beach National and Eugene Gentile Builders.
For premise liability purposes, the status of a police officer acting in his official capacity is addressed in section 112.182, Florida Statutes (1998), which provides as follows:
(1) A firefighter or properly identified law enforcement officer who lawfully enters upon the premises of another in the discharge of his or her duty occupies the status of an invitee. The common-law rule that such a firefighter or law enforcement officer occupies the status of a licensee is hereby abolished.
(2) It is not the intent of this section to increase or diminish the duty of care owed by property owners to invitees. Property owners shall be liable to invitees pursuant to this section only when the property owner negligently fails to maintain the premises in a reasonably safe condition or negligently fails to correct a dangerous condition of which the property owner either knew or should have known by the use of reasonable care or negligently fails to warn the invitee of a dangerous condition about which the property owner had, or should have had, knowledge greater than that of the invitee.
The trial court’s grant of summary judgment was based on an interpretation that the statute applies only to landowners and not to those who are in lawful possession. As such, although the trial court found that Worth was an invitee, pursuant to the statute, with regard to Palm Beach National, the court found that he was a trespasser with regard to Eugene Gentile Builders.
The unambiguous language of the statute does not support that “dual-status” theory. To the contrary, the statute states only that although police officers and firefighters shall henceforth be classified as invitees while acting in their official capacity on private property, there shall be no corresponding change to the landowner’s common law duty of care with respect to invitees. See Bennis v. State Chem. Mfg. Co., 682 So.2d 574, 577 (Fla. 4th DCA 1996)(the purpose of the rule was to permit individuals requiring assistance “to summon aid without pausing to consider whether they will be held liable for consequences which, in most cases, are beyond their control”); Potts v. Johnson, 654 So.2d 596, 598 (Fla. 3d DCA 1995)(§ 112.182, Fla.Stat.(1990) ’abolished the common law rule, the “firefighter rule,” that firefighters and police officers upon the land of another while carrying out their official duties occupied the status of a mere licensee.) We reject the argument that subsection two somehow diminishes the effect of subsection one and makes the statute applicable only to landowners.
Thus, the common law duties owed to invitees by landowners and those lawfully possessing property remain intact. The law is clear that more than one party may have a duty to persons who enter the premises. Craig v. Gate Maritime Properties, Inc., 631 So.2d 375 (Fla. 1st DCA 1994). In addition, the fact that more than one person is under a duty and one fails to *1016 perform is no defense to one who has assumed control. Id. at 377-78 (citing Arias v. State Farm Fire & Cas. Co., 426 So.2d 1136, 1138 (Fla. 1st DCA 1983); Levy v. Home Depot, Inc., 518 So.2d 941 (Fla. 3d DCA 1987)(commercial tenant may possess duty concurrent with landlord to maintain premises in reasonably safe condition); Bovis v. 7-Eleven, Inc., 505 So.2d 661 (Fla. 5th DCA 1987)(commercial tenant had a duty to maintain the premises in reasonably safe condition despite the fact that the landlord had contractually agreed to maintain the premises)). Although a landowner will not be responsible for injuries caused solely by the lessee’s actions, the owner may be liable to a third party if, under the terms of the lease, he retains responsibility for maintenance and inspection, or where the owner retains a possessory interest in the property. Bovis, 505 So.2d at 664. Thus, it is not ownership of the property which determines the duty of care, but rather,
the failure of a person who is in actual possession and control (be it the owner, an agent, a lessee, a construction contractor, or other possessor with authority or control), to use due care to warn or to exclude, licensees and invitees from areas known to the possessor to be dangerous because of operations or activities or conditions.
Haynes v. Lloyd, 533 So.2d 944, 946 (Fla. 5th DCA 1988).
Contractors may also share responsibility for injuries caused on or around a construction site even though, as in the instant case, the landowner retains some possession and control of the premises. See Cockerham v. R.E. Vaughan, Inc., 82 So.2d 890 (Fla.1955); Carter v. Livesay Window Co., Inc., 73 So.2d 411 (Fla.1954); compare Slavin v. Kay, 108 So.2d 462, 467 (Fla.1958)(so long as the premises are under the contractor’s control, he has a “duty to the whole world” to exercise due care; however, with regard to patent defects, contractors are not liable to third parties for injuries caused after the work has been turned over to the owner).
In Carter, a sub-contractor was found to be liable for the death of a child, which resulted from the contractor’s failure to properly secure or brace certain window frames. The court held that neither the child’s status as a trespasser nor whether the window frames attracted the child was material. Id. at 413. The court held that the test to be applied in these cases is
whether a reasonably prudent person should have anticipated the presence of children or other persons at the place where the [contractor] created a condition that a jury could find was an “inherently dangerous condition” or a “dangerous instrumentality” like unto an explosive substance, an inflammable material, a live wire or a spring gun.
Id. (citations omitted)(emphasis added).
One year later, in Cockerham, the supreme court imposed liability on a contractor for injuries sustained when a child fell into a hole dug by the contractor. The court rejected the contractor’s claim that he had no liability since he was not in control of the premises, and held that “so long as the work by the [contractor] was unfinished and remained in his charge, the [contractor] was subject to the same liability to others for harm resulting from that particular work entrusted to him as though he were the possessor of the land.” Cockerham, 82 So.2d at 892.
In the case at bar, there is no dispute that Eugene Gentile Builders had not finished the project. In addition, despite the contractor’s ignorance of the surveillance agreement and Worth’s presence on the property at night, it is undisputed that the contractor knew of the vandalism and thus the probability that persons other than construction workers had come onto the site. A question of fact remains, therefore, as to whether Eugene Gentile Builders provided adequate warnings or safeguards under the circumstances to prevent injuries caused by the open eleva *1017 tor shaft. Brien v. Florida Dep’t of Transp., 538 So.2d 526 (Fla. 4th DCA 1989)(fact that person was a trespasser or an uninvited licensee did not bar his claim for damages if evidence shows that DOT had actual or constructive knowledge of person’s presence but failed to exercise reasonable care for his safety); Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla.1981)(people who frequently used owner’s property were “implied or uninvited licensees”; therefore, owner who knew of the presence of third parties was liable for deaths caused by the explosion of a container of dynamite).
For the above reasons, we reverse the trial court’s grant of summary judgment in favor of Eugene Gentile Builders, and remand for a trial on the merits. Based on our finding that Worth was not a trespasser, we also reverse the trial court’s denial of Worth’s motion for summary judgment as to Eugene Gentile’s affirmative defense.
We also reverse the final judgment for attorney’s fees based on the stipulation of the parties.
REVERSED AND REMANDED.
POLEN and GROSS, JJ., concur.